**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**


MICHAEL THOMAS, #139-890                    *

Plaintiff                                                      *

v                                                                  *          Civil Action Case No. ELH-11-475

BOB MUIR, Business Plant Manager      *

Defendant                                                  *
                                                                 ***

## MEMORANDUM

Plaintiff Michael Thomas has sued defendant Robert M. Muir, under 42 U.S.C. § 1983.

Muir, by his counsel, has filed a "Motion To Dismiss Or, in the Alternative, Motion For

Summary Judgment" (the "Motion," ECF 12), along with a supporting Memorandum of Law

(ECF 12-1) and several exhibits.  ECF 12.  Plaintiff, who is self-represented, has filed a response

in opposition to the Motion.  ECF 14.  The issues have been fully briefed, and the court now

rules pursuant to Local Rule 105.6 (D. Md. 2011), no hearing being necessary.  For the following

reasons, defendant's motion for summary judgment will be granted.[1]

## BACKGROUND

Thomas, an inmate presently confined at the Western Correctional Institution, alleges he

was wrongfully terminated from his prison work assignment based on a false report filed by

Muir.  Thomas alleges that on January 5, 2009, he learned that Muir, the "business plant

manager," had "asserted his authority over" George Nolan, the "floor supervisor," and

knowingly wrote a "false report" that resulted in Thomas' reclassification from the Maryland

---

[1]  The pleading will be treated as a motion for summary judgment under Rule 56 of the
Federal Rules of Civil Procedure because materials outside the four corners of the pleadings have
been considered.  *See Bosiger v. U.S. Airways*, 510 F.3d 442, 450 (4th Cir. 2007).

Correctional Enterprises ("MCE") furniture shop and thirty days[2] of cell restriction for prison rule violations. Complaint, Part III. Thomas maintains that he had permission from George Nolan to "go on his pass" and Muir knew that no rules or regulations had been violated when he filed the "false report." As relief, he asks for reinstatement to the MCE furniture shop, back pay, and lost incentive pay. Complaint, Part IV.

## STANDARD OF REVIEW

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is properly granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The moving party must demonstrate through the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any," that a reasonable jury would be unable to reach a verdict for the non-moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317(1986). When this burden is met, the non-moving party then bears the burden of demonstrating that there are disputes of material fact and that the matter should proceed to trial. *See Matsushita Electric Industrial Company v. Zenith Radio Corporation*, 475 U.S. 574, 586 (1986).

A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc*, 477 U.S. 242, 248 (1986). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*. In considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id*. at 249. Further, the court must

---

[2] Defendant's exhibits show Thomas was sanctioned with five days of cell restriction. See Exhibit 1, Muir declaration, ¶ 6, Exhibit 2, p. 2, Notice of Infraction.

construe the facts in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655(1962); *In re Apex Express Corporation*, 190 F.3d 624, 633 (4th Cir. 1999).

**FACTS**

Muir denies writing a false report against Thomas. *See* Exhibit 1, ¶ 4, Declaration of Robert Muir, MCE Supervisor. Muir attests that on October 27 and 28, 2008, Thomas failed to report to his job in the MCE shop. *Id*. at ¶ 5. Mr. Muir contacted plaintiff's housing unit and was informed by staff that on those days plaintiff was in the gymnasium, lifting weights. *Id*. Muir did not give Thomas permission to be absent from his job assignment on those days. Further, Muir questioned Thomas' supervisors, who stated they had not given Thomas permission to be absent from his job assignment. *Id*. at ¶6. Muir wrote an infraction against Thomas for violating rules #401(refusing to accept or carry out an assignment) and #402 (being in or leaving any area without permission from staff). Thomas was subsequently given five (5) days cell restriction. *Id*.

In his opposition, Thomas reiterates his claim that Muir wrote the report knowing that it contained false information. Plaintiff's Response, pp. 1-2. Thomas claims that Muir should have asked others in the workshop whether he has been issued a pass. He adds there was "no possible way" that he could or would just not report to work or just walk out of the shop, and leave without permission from no one at all." *Id*, p. 2. Further, he asserts: "Any inmate working in the furniture shop must have permission to leave the shop, and must be sanctioned to leave by security that is assigned to the shop." *Id*. Thus, Thomas reasons that "Plaintiff had permission to go on his pass, and the infraction was false and incorrect" and no shop rules were violated. *Id*.

On October 28, 2008, Muir asked Thomas' case manager to reassign him from the MCE

shop because of poor work habits. *Id.* at ¶7. On November 3, 2008, Thomas met with his case manager and was reassigned from his job in the MCE shop. *See* Exhibit No. 2, Memorandum to Steve Roach, Case Management Department from Robert Muir dated October 28, 2008, with Notice of Infraction dated October 28, 2008 and Division of Correction Directive (DCD) #105-5 entitled "Rule Violations" attached, and Exhibit No. 3 , Case Management 7 Assignment Sheet dated November 3, 2008.

On January 11, 2009, Thomas filed an Administrative Remedy Request ("ARP"), complaining about his removal from his MCE job. *See* Exhibit No. 4, Declaration of Sgt. Robert Carder, ARP Coordinator, Attachment, ARP 0100-09. The ARP was administratively dismissed because case management decisions cannot be addressed through the ARP process. On April 8, 2010, Thomas filed a grievance with the Inmate Grievance Office ("IGO"). On April 20, 2010, the grievance was dismissed as untimely. Exhibit No. 5, Declaration of Scott Oakley, Executive Director of the IGO. The IGO administrative dismissal was subsequently affirmed by the Circuit Court for Allegany County in *Matter of Michael Thomas*, Case No. 01-C-10-33924. *Id.*

## DISCUSSION

### A. False Report Claim

Defendant argues that the complaint should be dismissed because Thomas has failed to allege a federal cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes liability for violations of constitutional and federal statutory rights by state actors. *See Baker v. McCollan*, 443 U.S. 137, 145 n. 3 (1979). In order to bring a § 1983 action, a plaintiff must claim that he has been deprived of a right secured by the Constitution and laws of the United States. *Id.* at 140 (quoting 42 U.S.C. § 1983). "If there is no violation of a federal right, there is no basis for a

section 1983 action." *Clark v. Link*, 855 F.2d 156, 161 (4th Cir.1988).

In this case, Thomas alleges that Muir knowingly wrote a false report that caused his removal from the prison furniture shop. He does not claim that any constitutional provisions or federal laws were violated. The claim is dismissible on this basis. Moreover, the record shows that Thomas failed to report to his job assignment on two consecutive days, thereby supporting his dismissal for poor work habits. Even considered in the light most favorable to Thomas, his claim of a false report does not amount to a claim of constitutional dimension.[3] *See Freeman v. Rideout*, 808 F.2d 949, 953 (2nd Cir.1986) (ruling a prisoner has no constitutionally guaranteed immunity from being falsely accused).

### B. Prison Job Reclassification Claim

Similarly, Thomas fails to allege a constitutional provision or federal law that was abridged by his job reclassification. To the extent Thomas might intend to rely on the protections of the Due Process Clause, an inmate must first have a constitutionally protected liberty interest at stake. In the prison context, a liberty interest is created by the imposition of an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). An inmate's assignment to or removal from an institutional job is not an atypical event, but represents a commonplace occurrence in the day-to-day operations of a prison. Accordingly, inmates have no liberty interest arising under the due process clause in their prison job assignments. *See e.g. Penrod v. Zavaras*, 94 F.3d 1399, 1407

---

[3] Further, Thomas does not claim that he was sanctioned with the loss of good conduct credits or denied due process. *See Wolff v. McDonnell,* 418 U.S. 539, 563 (1974). There is no allegation that he did not receive written notice of the infractions, the right to call witnesses and present evidence, or a hearing. He does not claim the report was written with retaliatory or improper animus.

(10th Cir. 1996); *Frazier v. Coughlin*, 81 F.3d 313 (2d Cir.1996) (per curiam); *Bulgar v. Bureau of Prisons*, 65 F3d 48, 50 (5th Cir. 1995).[4]  Accordingly,  defendant is entitled to summary judgment as to this claim.

## CONCLUSION

Viewing the facts in the light most favorable to plaintiff, I conclude that there is no genuine issue of material fact is presented in this case and defendant is entitled to summary judgment in his favor.  A separate order follows.


December 8, 2011                                                     /s/
Date                                                    Ellen L. Hollander
                                                         United States District Judge

---

[4] Prior to *Sandin*, the Fourth Circuit held that inmates did not have a constitutionally protected right to an institutional job or to remain in a particular job once assigned. *See Altizer v. Paderick*, 569 F.2d 812, 815 (4th Cir.1978); *Bowring v. Godwin*, 551 F.2d 44, 48 n. 2 (4th Cir.1977).